[Docket No. 81 & 105]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| MAX 10 MARKETING, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>MARKETECH, INC., PAPERLESS SOLUTIONS GROUP, INC., AND H. THOMAS LANE, JR.,<br><br>        Defendant. | Civil No. 11-1823 (RMB/AMD)<br><br>**MEMORANDUM OPINION** |

**BUMB**, United States District Judge:

**Introduction**:

    This matter comes before the Court upon Defendants', Paperless Solutions Group, Inc., ("PSG") and H. Thomas Lane ("Lane"), Motion to Dismiss For Lack of Personal Jurisdiction or to Transfer Venue [Docket No. 81]. For the reasons below, the motion is granted to the extent it requests that the matter be transferred to the United States District Court for the Northern District of Florida.[1]

---

[1] Plaintiff has submitted a Motion to Seal [Docket No. 105] in conjunction with its opposition papers. Because Plaintiff has satisfied this Court that the motion meets the requirements of Local Rule 5.3, that motion is GRANTED.

1

**Background**:

As stated in a prior Order by this Court, Plaintiff MAX 10 MARKETING, LLC ("MAX 10") is located in New Jersey and is in the business of promoting the sales of "market variance products," including technology services, discount benefits, and energy products. [Docket No. 36]. Defendant MARKETech Inc., ("MTI") is located in Florida and is in the business of developing electronic business forms for use by businesses that conduct business over the internet. MAX 10 alleges that MTI owes it unpaid commissions plus any future commissions for business it secured for the benefit of MTI. Previously, MTI filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), which this Court denied.[2]

Following that decision, Plaintiff filed a Second Amended Complaint adding two new Defendants, PSG and Lane, and additional counts for fraudulent transfer (Count III) and successor liability (Count IV).[3] It is undisputed that, like

---

[2] On January 13, 2012, the Court entertained oral argument on that motion as well as the Court's sua sponte question regarding transfer pursuant to 28 U.S.C. § 1404(a). After examining the relevant factors, this Court held that transfer was not appropriate.

[3] This matter has been pending on the Court's docket for some time as the Court has made significant efforts to

MTI, both PSG and Lane are citizens of the State of Florida.

According to the Plaintiff's allegations, PSG's purchase of the business assets of MTI left MTI insolvent. Plaintiff further alleges that the transfer of assets was completed in an attempt by PSG and Lane to avoid liability that MTI had to the Plaintiff.[4] In addition, Plaintiff alleges that PSG is liable for alleged breaches of contract committed by MTI as its successor-in-interest and as the assignee of the agreements forming the basis of the alleged breaches. With respect to Defendant Lane, Plaintiff contends that Lane breached his fiduciary duty to the Plaintiff by transferring assets of MTI, which was insolvent, to PSG.

Defendants PSG and Lane have moved pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss the matter for lack of personal jurisdiction or, in the alternative, to transfer venue under 28 U.S.C. § 1404(a).

**Analysis**:

As demonstrated by the parties' papers, a determination of

---

facilitate its settlement. See e.g., Docket No. 88, discussing prior Court Order to engage in settlement negotiations.

[4] As discussed below, Defendants have shown that there were several creditors impacted by MTI's transfer of assets, most of whom are Florida residents.

3

whether this Court has personal jurisdiction over both PSG and Lane requires a significant analysis of whether PSG is, in fact, a successor-in-interest to MTI. This, in turn, requires significant inquiry into the transfer of assets from MTI to PSG, which took place in Florida. In addition, Plaintiff cites Florida law for the proposition that Lane can be held liable as a director and/or director-stockholder of a corporation. In reply, Defendants posit that, absent piercing the corporate veil, which Plaintiff does not address, there are no grounds to assert jurisdiction over Lane. Plaintiff states that if this Court determines that it cannot exercise personal jurisdiction over PSG and Lane, then the matter should be transferred to the Northern District of Florida.

In Sinochem International Co. v. Malaysia International Shipping Corp., the Supreme Court instructed that the district court may consider whether to transfer a case based on forum non conveniens grounds without having to first address the issue of personal jurisdiction. 549 U.S. 422, 425 (2007)("a district court has discretion to respond at once to a defendant's forum non conveniens plea, and need not take up first any other threshold objection.").[5] See Product Source International v.

---

[5] "Congress codified the doctrine of forum non conveniens

Leonid Nahshin, No. 13-4997, 2014 U.S. Dist. LEXIS 87664 (D.N.J. June 27, 2014)(addressing request to transfer first and declining to make a determination regarding personal jurisdiction); Axxa Commerce v. Digital Realty Trust, No. 09-653, 2009 U.S. Dist. LEXIS 94103 (D.N.J. Oct. 8, 2009)(determining whether case should be transferred without addressing issue of personal jurisdiction).

In this case, discussion of the appropriateness of transfer in the first instance is appropriate because a determination of whether this Court has personal jurisdiction over PSG and Lane would require an in depth review of the ownership of shares of PSG in an attempt to determine whether PSG is, in fact, MTI's successor-in-interest as alleged by Plaintiff. Similarly, this Court would need to first determine the basis of Plaintiff's claim against Lane before even embarking on a personal jurisdiction analysis – i.e., whether a veil piercing analysis is needed. As such, an initial determination of whether the matter should be transferred is appropriate. See Axxa Commerce, 2009 U.S. Dist. LEXIS 94103 at *6-9 (finding that first considering a motion to transfer was appropriate where

---

in §§ 1404(a) and 1406(a)." Lafferty v. Gito St. Riel, 495 F.3d 72, 78, n.8 (3d Cir. 2007).

determination of personal jurisdiction involved a complicated analysis of the corporate structure of the defendants).

Defendants have asked that this case be transferred pursuant to Section 1404(a).[6] Section 1404(a) provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This action could have been filed in Florida, where MTI, PSG, and Lane are located. Because the proposed alternative forum, Florida, is appropriate, it is within the Court's discretion to transfer the action.

---

[6] The Court notes that, as with personal jurisdiction, it makes no finding as to whether venue is proper here. Even if venue was not proper, the Court could engage in a transfer analysis pursuant to 28 U.S.C. § 1406(a)("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The purposes of § 1404(a) and § 1406(a) overlap. See United States v. Berkowitz, 328 F.2d 328 F.2d 358 (3d Cir. 1964)(noting that 1404(a) and 1406(a) "are companion sections, remedial in nature, enacted at the same time, and both dealing with the expeditious transfer of an action from one district or division to another."); Kelly v. Yeager, No. 13-2493, 2014 U.S. Dist. LEXIS 73784, at *7 n.1 (D.N.J. May 30, 2014)(noting that the Court would transfer the matter under either § 1404(a) or § 1406(a)); Axxa Commerce, 2009 U.S. Dist. LEXIS 94103 at *8-9 n.5 (making no finding as to venue and noting that transfer could be accomplished under either § 1404(a) or § 1406(a)).

In deciding a transfer motion under § 1404(a), courts in the Third Circuit consider both private and public interests, as delineated in Jumara v. State Farm Ins. Co., 55 F.3d 873, 888 (3d Cir. 1995).[7] The private interest factors include:

> 1) the plaintiff's forum preference; 2) the defendant's forum preference; 3) where the claim arose; 4) the convenience of the parties as indicated by their relative physical and financial condition; 5) the convenience of the witnesses, but only to the extent they may be unavailable for trial in one of the fora; and 6) the location of books and records (similarly limited to the extent that they could not be produced in the alternative forum).

Id. at 879. The public interest factors to be considered include:

> 1) the enforceability of the judgment; 2) practical considerations that could make the trial easy, expeditious, or inexpensive; 3) the relative administrative difficulty in the two fora resulting from court congestion; 4) the local interest in deciding local controversies at home; 5) the public policies of the fora; and 6) the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-880.

---

[7] In determining whether to transfer an action pursuant to § 1406(a), a court is not required to balance private or public interest factors (as under § 1404), rather, the court must simply decide if there is a venue where the action "could have been brought" that serves the interest of justice. Rojas v. Trans States Airlines, Inc., 204 F.R.D. 265, 269 (D.N.J. 2001). For the reasons set forth infra, the Court finds that a transfer to the Northern District of Florida serves the interests of justice.

Previously, this Court raised the issue of whether a transfer under Section 1404(a) was appropriate sua sponte. At that time, MTI was the only Defendant in this case, and this Court held that the matter should not be transferred. The filing of the Second Amended Complaint, with the addition of new Defendants and new causes of action presents a sea change in this litigation. Thus, and for the reasons set forth below, this Court finds that the addition of PSG and Lane as Defendants in this action and new counts asserted by Plaintiff result in a determination that a transfer to the Northern District of Florida is appropriate.

With regard to the private interest factors, MAX 10 prefers New Jersey, and MTI, PSG and Lane prefer Florida. However, MAX 10 has indicated that if this Court lacked personal jurisdiction over PSG and Lane, "the matter should be transferred to the United States District Court for the Northern District of Florida." [Pl.'s Opp. Br. Docket No. 100 at 16]. Plaintiff has submitted no other arguments with respect to the issue of transfer.

It is clear from the Second Amended Complaint and the Defendants' briefs that the operative facts in this case occurred both in New Jersey and Florida. However, Plaintiff's

8

new claims of fraudulent transfer and successor liability are based on facts that took place only in Florida.  Thus, while documents and witnesses are located in both New Jersey and Florida, the addition PSG and Lane and the new counts make clear that the majority of operative facts that this matter is based on and related documents and witnesses are located in Florida. For example:

- The asset purchase agreement between MTI and PSG was entered into in the state of Florida and states that it shall be construed in accordance with the laws of the State of Florida.  [Docket No. 100-1, Ex. C]
- Plaintiff claims that the fraudulent transfer of assets took place so that MTI could avoid liability Plaintiff. However, almost all other creditors impacted by the transfer of assets from MTI to PSG are Florida residents, including:
    - Arthur Dunscombe
    - Linda English
    - Paragon Wholesale, Inc.
    - Mary Catherine Parrish
    - James and Pamela Pearce
    - Thomas and Karen Berry
    - Michael and Kathryn Holloway
    - Ravindra Kolaventy
    - Anthony and Rebecca Mendola
    - Donald Stewart
    - Joseph Vorwerk
    - August Vorwerk
    - Bonnie Vorwerk
    - Joseph Vorwerk
    - William and Elizabeth Futch
    - Odest Frank Cannon
    - Kenneth H. Mackay III
    - Magdalena Giebl
    - Mark and Sharon Jank
    - Raquel and Kevin Chun
    - Tracey M. Jenkins Trust

    [Docket No. 106-1 ¶¶ 9(a)-(y)].
- PSG's majority shareholders are Florida residents:
    - Less Paper Holding, LLC -47.2% of shares
    - H. Thomas Lane – 19.5% of shares
- Lane has stated in his declaration that "documents and witnesses with information relevant to the formation and corporate structures of MTI and PSG . . . the nature and structure of the transactions through which MTI's business assets were sold to PSG, and similar matters relevant to Plaintiff's apparent veil-piercing and successor liability claims . . . [and] MTI's and PSG's corporate records, employees and agents . . . are located in Florida. [Docket No. 81-2 at ¶ 46].

The Court also considers the convenience of the parties. While MAX 10 would likely incur additional costs as a result of litigating in the Northern District of Florida, additional costs would inure to all three Defendants if they were forced to litigate in New Jersey, especially in light of the number of documents and witnesses relevant to this matter that are located in Florida. On balance, the foregoing private interest factors therefore weigh in favor of a transfer.

With regard to the public factors, this Court is ready and available to bring this matter to trial as soon as discovery is completed. However, the new Complaint, which significantly changes the landscape of this case, now contains the issue of whether PSG is MTI's successor-in-interest and may require a veil-piercing analysis, issues which would be analyzed pursuant to Florida law. (See Pl.'s Opp. Br. Docket No. 100 at 15 citing

10

Florida case law).  While this Court is certainly capable of applying the laws of Florida, as clearly stated in this Court's prior Order, the legal questions now presented are far more complex with the addition of PSG and Lane, and a Florida judge would be far more familiar with the applicable standards.  In addition, the presence of three Florida citizens as Defendants in this case along with many Florida based creditors means that this case is of more local interest to Florida.  Finally, moving this matter to Florida better serves practical considerations of making the trial easy, expeditious, or inexpensive.  Therefore, on balance, the public interest factors weigh in favor of transfer.

**Conclusion:**

In sum, upon consideration of both the private and public interest factors set forth in Jumara, supra, the Court finds that a transfer of this action to Florida is warranted and in the interests of justice.  For the foregoing reasons, PSG and Lane's motion is granted to the extent the Defendants seek a transfer to the Northern District of Florida pursuant to 28

11

U.S.C. § 1404(a).  An appropriate Order will issue this date.


                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge

Dated: September 26, 2014